In the Matter of the Estate of EFFIE ANDREWS, Deceased.

Surrogate's Court, Saratoga County, April 1, 1931.

*Leon R. Jillson,* for the petitioner.

*Brackett & Eddy* [*Lawrence B. McKelvey* of counsel], for Spencer B. Eddy, trustee.

TUCK, S. This is a proceeding instituted by the service of affidavits and a notice of motion for an order that the petition herein be withdrawn and canceled and that the order of this court, dated October 30, 1930, denying petitioner's application for appointment of the Old Colony Trust Company of Boston, Mass., as substituted trustee for James M. Andrews, deceased, by appointing

James M. Andrews, 4th, and Spencer B. Eddy as substituted trustees in place of said James M. Andrews, deceased, be vacated and set aside *ab initio* and that all proceedings taken under said order be declared void and of no effect and that letters of trusteeship issue to Alice F. Chamberlain as sole surviving trustee named in the will of Effie Andrews, deceased, and for such further order and relief in the premises as may be just and proper.

Effie Andrews, the testatrix, died leaving a will which was duly admitted to probate by the Surrogate's Court of Saratoga county, N. Y., February. 6, 1924. In and by her said will she provides a trust fund of $50,000 until "my grandson Ellis Cochrane Andrews shall arrive at the age of twenty-five years," and later in the will she appoints her son, Colonel James M. Andrews, and her friend, Alice F. Chamberlain, as executors and provides that no bond be required for the performance of their duties as executors or as trustees.

"*Fourteenth.* I authorize my said Trustees and their successor or successors to invest and re-invest the principal of the aforesaid Trusts in such conservative investments as they may deem wise, in addition to the investments sanctioned by law, and hereby release and discharge them from any loss which may be occasioned thereby, I also give to the successor and successors of my said Trustees the same discretionary authority and powers given to my said Trustees."

On November 9, 1928, a decree was entered settling the accounts of James M. Andrews and Alice F. Chamberlain, as executors of the last will and testament of Effie Andrews, deceased, and directing the payment of certain sums to James M. Andrews as trustee for Ellis Cochrane Andrews.

Alice F. Chamberlain, the other trustee named in the will, did not then qualify and did not thereafter qualify until the 8th day of November, 1930, which was after the order herein made which it is sought to have vacated and canceled.

The affidavit of Ellis Cochrane Andrews annexed to the motion papers herein states that he is the petitioner who prayed for the appointment of the Old Colony Trust Company of Boston, Mass., as successor trustee of the trust created for his benefit under said will in the place and stead of James M. Andrews; that his petition was based upon the belief that Alice F. Chamberlain, the sole surviving trustee named in the will, did not desire to qualify. He further states that since the filing of his petition he has been informed that Alice F. Chamberlain has never renounced her right to administer said trust and that she was a necessary party to the proceeding for the appointment of a trustee; that she had no notice

of the proceeding, and that he was informed by his counsel and believed that inasmuch as said Alice F. Chamberlain had never renounced her right to act as trustee and did not consent to the relief prayed for in his petition and was not made a party to said proceeding this court was without jurisdiction to entertain his application and was without jurisdiction to make the order of October 30, 1930.

He further states that he has been informed and believes that said Alice F. Chamberlain has filed with the surrogate of Saratoga county her qualification oath as trustee and a designation of the clerk in full conformity with the requirements of section 167 of the Surrogate's Court Act, and that having complied with such requirements she is the only person entitled to exercise the duties of trustee with respect to said trust created for his benefit as aforesaid, and that he is satisfied that said Alice F. Chamberlain is a competent, suitable and fit person to administer the said trust fund and asks that the petition heretofore filed be withdrawn and that an order be made to cancel said petition and providing that the order dated October 30, 1930, denying his application for the appointment of the Old Colony Trust Company of Boston, Mass., as substituted trustee in the place of James M. Andrews, deceased, and appointing James M. Andrews, 4th, and Spencer B. Eddy as substituted trustees be vacated, etc.

Annexed to the motion papers is the appearance of Alice F. Chamberlain asserting her right to administer the trust in which she states she joins with Ellis Cochrane Andrews for leave to withdraw his petition heretofore filed.

There is further annexed to the motion papers the affidavit of Alice F. Chamberlain, stating substantially that she was named as executor and trustee and had acted as executrix but had not acted as trustee, but that she had never renounced her right to administer and never refused to qualify, and she never was served with notice of petitioner's application for appointment of a substituted trustee and requests that the letters of trusteeship be issued to her as sole surviving trustee named in the will of Effie Andrews, deceased.

There is a further instrument executed by James M. Andrews, 4th, admitting service and consenting to the entry of an order for the purpose prayed for in the application of Ellis Cochrane Andrews and consenting that letters of trusteeship be issued to Alice F. Chamberlain as sole surviving trustee.

The authority of the surrogate to appoint a successor trustee is found in section 168 of the Surrogate's Court Act and reads as follows: " When all the persons named in a will as testamentary

trustees die prior to the probate of the will, or by an instrument in writing renounce the appointment, or when no testamentary trustee is named in a will to execute a trust created therein, or when all the testamentary trustees die or become incompetent, or are by a decree of the surrogate's court removed or allowed to resign, or where one of two or more persons named in a will as testamentary trustees dies prior to the probate of the will, or by an instrument in writing, renounces his or their appointment, or where one of two or more testamentary trustees dies or becomes a lunatic, or is by decree of the surrogate's court removed or allowed to resign, and the trust has not been fully executed, the surrogate's court may appoint a trustee or successor or successors, unless such appointment would contravene the express terms of the will, or unless a testamentary trustee has been named in such will to succeed such testamentary trustee and is not incapacitated or otherwise disqualified from acting as such testamentary trustee. Until a successor is appointed the remaining trustee or trustees may proceed and execute the trust. The trustee or successor may be appointed upon the application of any person interested and upon notice to such persons as the surrogate may designate." (Amd. by Laws of 1928, chap. 702, in effect March 27, 1928.)

At the time the application was made for the appointment of a trustee to succeed James M. Andrews a citation was issued to persons whom the surrogate designated, being the beneficiaries in the several trusts created under the will of Effie Andrews, deceased, for the children of James M. Andrews, the now deceased trustee, and proof of the service of the citation upon these parties who have reciprocal interests in the trusts for each of the others was filed with the surrogate.

No citation was directed to Alice F. Chamberlain and the service of a citation upon her under the authority of *Matter of Robinson* (37 N. Y. 261) was unnecessary.

In the will of Effie Andrews she appointed two trustees. From the language of her will it is apparent that it was her plan that there should be two trustees and the order of the court appointing two successor trustees was made in conformity with the plan as the court read it from her will.

At the time that an application was made for the appointment of a successor trustee, James M. Andrews, one of the trustees, was dead. Alice F. Chamberlain, the other trustee, had not qualified. The order which the court made upon the application of Ellis Cochrane Andrews, as well as upon the applications of Frances Virginia Andrews and James M. Andrews, 4th, did not in anywise adjudicate upon the rights of Alice F. Chamberlain, nor did it

attempt to prevent her qualification if she chose thereafter to qualify, nor did it in any manner infringe upon any rights which accrued to her by reason of her being named in the will as one of the trustees.

This court entertains the impression that it was clothed with jurisdiction to make the order of October 30, 1930, appointing successor trustees and that the language of the will indicates that on the death of James M. Andrews the trust powers do not pass solely to the surviving trustee but pass to the successor or successors, and since the successor or successors are not named in the will the power of selection and appointment of a successor or successors resided in the court.

The rights, privileges and duties of Alice F. Chamberlain have in no way been abridged or denied. She has since the petitions were filed chose to qualify and her bond has been approved by the court and she is now qualified and responsible.

. The instrument executed by James M. Andrews, 4th, seems to be effective as a renunciation of the appointment which the court undertook to confer upon him so that there are now in the opinion of the court but two qualified trustees and the scheme and plan of the testatrix would now seem to be followed.

The motion is denied.

Submit order accordingly upon notice.